UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| MICKIE MASHBURN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No.: 3:08-CV-389 |
| | ) | (VARLAN/GUYTON) |
| ATLAS VAN LINES, INC., | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM AND ORDER**

This civil action is before the Court on defendants' Motion to Dismiss [Doc. 4] Count II and Count III of plaintiff's Complaint [Doc. 1]. The plaintiff has responded [Doc. 6] and defendants have filed a reply [Doc. 7]. Thus, the motion is now ripe for determination. The Court has carefully considered the pending motion along with the relevant pleadings in light of the entire record and controlling law.

For the reasons set forth herein, defendants' motion to dismiss will be **GRANTED**.

**I. Relevant Facts**

Plaintiff Mickie Mashburn filed this case against defendants Atlas Van Lines, Inc. ("Atlas"), asserting three claims: a violation of the Carmack Amendment, 49 U.S.C. § 14706 (Count I); a state law claim for a violation of the Tennessee Consumer Protection Act (the "TCPA"), § 47-18-101 *et seq.* (Count II); and a state law claim for a violation of the Florida Deceptive Trade Practices Act (Count III) [Doc. 1 at ¶¶ 19-27]. Plaintiff's claims relate to Atlas's interstate shipment of plaintiff's household goods in September 2007 [Doc. 1 at ¶¶

1-27]. Atlas had picked up plaintiff's goods for transportation from Florida to Tennessee, pursuant to Atlas's Uniform Household Goods Bill of Lading, which was executed by plaintiff on October 2, 2007 [Doc. 4-1, "Households Goods Bill of Lading"].

**II.    Analysis**

   A.    Standard of Review

In order to survive a Rule 12(b)(6) motion to dismiss for failure to state a claim, a complaint must contain allegations supporting all material elements of the claims. *Bishop v. Lucent Techs., Inc.*, 520 F.3d 516, 519 (6th Cir. 2008); *see also* Fed. R. Civ. Pro. 12(b)(6). The complaint must contain a "short and plan statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. Pro. 8(a)(2). In determining whether to grant a motion to dismiss, all well-pleaded allegations must be taken as true and be construed most favorably toward the non-movant. *Trzebuckowski v. City of Cleveland*, 319 F.3d 853, 855 (6th Cir. 2003). "Conclusory allegations or legal conclusions masquerading as factual allegations will not suffice." *Bishop*, 520 F.3d at 519 (quoting *Mezibov v. Allen*, 411 F.3d 712, 716 (6th Cir. 2005)).

The issue is not whether the plaintiff will prevail, but whether plaintiff is entitled to offer evidence to support his or her claim. *Miller v. Currie*, 50 F.3d 373, 377 (6th Cir. 1995). Consequently, a complaint will not be dismissed pursuant to Rule 12(b)(6) unless there is no law to support the claims made, the facts alleged are insufficient to state a claim, or there is an insurmountable bar on the face of the complaint.

2

B. <u>Atlas's Motion to Dismiss</u>

Atlas filed the pending motion to dismiss on November 19, 2008, asserting that plaintiff's state law claims in Count II and Count III are preempted as a matter of law by operation of the Carmack Amendment (the "Carmack Amendment") to the Interstate Commerce Act, 49 U.S.C. § 14706 and other relevant law, and therefore should be dismissed [Docs. 4, 5]. In response to the motion to dismiss, plaintiff acknowledges that it is true that the Carmack Amendment preempts nearly all state law claims against a carrier [Doc. 6]. However, plaintiff argues, some courts have held that state law claims dealing with some issues are not preempted.[1] In its reply, Atlas argues that plaintiff's state law claims are still clearly preempted by the Carmack Amendment and that the law plaintiff cites in her response has either been overruled or involves facts distinguishable from the allegations and facts in this case [Doc. 7].

"With the enactment in 1906 of the Carmack Amendment, Congress superceded diverse state laws with a nationally uniform policy governing interstate carriers' liability for property loss." *New York, N.H. & H.R. Co. v. Nothnagle*, 346 U.S. 128, 131 (1953). It is well settled that the Carmack Amendment preempts state common law and statutory causes of action relating to the shipment of goods by interstate carriers. *Grehan v. American Holiday Van Lines*, No. 3:05-CV-138, 2005 WL 124061 (E.D. Tenn. May 25, 2005); *L.A.*

---

[1]Plaintiff argues that some courts have found the following issues to withstand preemption: "(1) a shipper converting property of the shipper to their own through agents; (2) [ ]deceptive acts and practices in forging documents and deceptive acts and practices in investigating claims [ ] [;and] (3) concealing damages to the goods." [Doc. 6].

3

*Enterprises, Inc. v. Roadway Express, Inc.*, No. 1:06-CV-11, 2006 WL 1129389 (E.D. Tenn, Apr. 24, 2006); *see also Toldeo Ticket Co. v. Roadway Express, Inc.*, 133 F.3d 439, 441 (6th Cir. 1998); *W.D. Lawson & Co. v. Penn. Cent. Co.*, 456 F.2d 419, 421 (6th Cir. 1972).

It is clear in the instant case that plaintiff's claims involve the shipment of goods by an interstate carrier [Doc. 1 at ¶ ¶ 1-27 ]. It is also clear that plaintiff's claims do not fall under the factually distinguishable cases cited in plaintiff's response brief [Doc. 6]. Two cases, *Roberts v. North American Van Lines, Inc.* and *Schwartz v. Atlas Van Lines, Inc.*, involve the issues of "bait and switch" and "true conversion," respectively. *See Roberts*, 394 F. Supp. 2d 1174, 1176 (N.D. Cal 2004); *Schwartz*, 976 P.2d 145, 152 (Div. 1 1999); *see also Oliver v. Atlas Van Lines, Inc.*, 504 F. Supp. 2d 1213, 1215-17 (N.D. Ala. 2006) (stating that claims for "bait and switch" are preempted by the Carmack Amendment according to Eleventh Circuit precedent). These issues and the facts sufficient to support a claim under these issues were not alleged by plaintiff in plaintiff's Complaint and are therefore not relevant to this case.

In plaintiff's response, plaintiff also discusses the cases of *Mesta v. Allied Van Lines Intern., Inc.* and *Glass v. Crimmins Transfer Co. See Mesta*, 695 F. Supp. 63 (D. Mass. 1988); *Glass*, 299 F. Supp. 2d 878 (C.D. Ill. 2004). However, the district court's decision in *Mesta* was explicitly overruled by *Rini v. United Van Lines, Inc.*, and therefore *Mesta* will not be considered by the Court in its analysis of this case. *See Rini*, 104 F.3d 502, 506 n.3

4

(1st Cir. 1997). Moreover, the court in *Glass*[2] held that the plaintiff's claims were actually preempted by the Carmack Amendment and thus *Glass* is also not helpful to plaintiff's case. *See Glass*, 299 F. Supp. 2d 878.

Finally, as this Court has previously held, plaintiff's state law claim pursuant to the TCPA is clearly preempted by the Carmack Amendment. *See Malone v. Mayflower Transit, Inc.*, 819 F. Supp. 724 (E.D. Tenn. 1993) (dismissing the plaintiff's theories of recovery under the TCPA as preempted by the Carmack Amendment). Upon review, the Court has found no other controlling or persuasive authority to suggest that plaintiff's claims under the Florida Deceptive and Unfair Trade Practices statutes should not be preempted by the Carmack Amendment.

## III. Conclusion

Therefore, in accordance with the reasons expressed herein, Atlas's motion to dismiss is hereby **GRANTED** and Count II and Count III are ordered **DISMISSED** from plaintiff's Complaint [Doc. 1]. Plaintiff's remaining claim, Count I, which alleges a violation of the Carmack Amendment, is thus the sole remaining claim.

IT IS SO ORDERED.

s/ Thomas A. Varlan
UNITED STATES DISTRICT JUDGE

---

[2] It is noted by the Court that the Westlaw headnote in this case states the wrong holding. *Glass* held that the plaintiff's state law claims for breach of contract and fraudulent concealment were preempted by the Carmack Amendment. *Glass*, 299 F.Supp.2d at 887-88. The headnote at the top of the case erroneously states that the court held that these claims were not preempted. *Id.* at 878.